IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15-CR-144 (JCC) |
| | ) | |
| ARTIN AFSHARJAVAN, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Artin Afsharjavan's ("Defendant") Motion for Notice of 404(b) Evidence [Dkt. 20], Motion to Strike Surplusage and Preclude Introduction of Evidence at Trial [Dkt. 23], Motion for Rule 17(c) Subpoena [Dkt. 22], and Motion for Bill of Particulars [Dkt. 21] (collectively "Motions").  The Court heard oral argument on August 26, 2015, and ruled on Defendants' Motions in open court. This opinion memorializes the Court's findings.

**I. Background**

On May 21, 2015, Defendant was charged by indictment with one count of wire fraud in violation of 18 U.S.C. § 1343. (Indictment [Dkt. 1] at 1-3.)  The indictment alleges that between January 2008 and June 2010, Defendant made fraudulent misrepresentations to two individuals, R.F. and F.F., to induce them to give Defendant money, and consequently, Defendant knowingly transmitted, or caused to be transmitted, by means of

1

wire communication in interstate commerce, certain writings, signs, signals, and sounds. (*Id.* at 1.) It is alleged that R.F. gave Defendant money as an investment, and that F.F. gave Defendant money initially as a loan that subsequently became an investment. (*Id.* at ¶¶ 2-3.) However, only one wire communication is charged in the indictment, namely, that on May 28, 2010, Defendant caused F.F. to wire transfer approximately $24,500 from F.F.'s bank account in Maryland to an account controlled by Defendant in Virginia. (*Id.* at ¶ 7.) Subsequently, Defendant allegedly made false statements regarding the state of the companies that R.F. and F.F. had allegedly invested in, and caused both individuals to remit additional payments. (*Id.* at ¶ 4.) R.F. and F.F. never received any proceeds from these investments. (*Id.* at ¶¶ 5-6.)

On August 13, 2015, Defendant made four evidentiary motions: (1) Motion for Notice of 404(b) Evidence [Dkt. 20], (2) Motion to Strike Surplusage and Preclude Introduction of Evidence at Trial [Dkt. 23], (3) Motion for Rule 17(c) Subpoena [Dkt. 22], and (4) Motion for Bill of Particulars [Dkt. 21]. The Court heard oral argument of counsel on August 26, 2015, and ruled on the motions at the hearing. The following memorializes the rationale for those rulings.

**II. Analysis**

A. Notice of 404(b) Evidence

Defendant seeks notice under Federal Rule of Evidence 404(b)(2)(A) of the Government's intent to present evidence at trial of Defendant's prior crimes, wrongs, or other acts. Defendant notes discovery produced 30,000 pages, including documents pertaining to business dealings, persons, and times that are not alleged in the indictment's single count of wire fraud.  (Def.'s Mem. in Supp. of 404(b) Mot. [Dkt. 20-1] at 1-2.)  Under Defendant's argument, the Government's possession of this information indicates an intention to use the evidence in a way that would implicate Rule 404(b).  The Government argues that it has no intention of introducing Rule 404(b) evidence. Instead, the Government argues that the evidence it will present at trial will be relevant to elements intrinsic to the indictment's charge of wire fraud in violation of 18 U.S.C. § 1343.  (Gov't's Resp. [Dkt. 26] at 1-2.)

For the following reasons the court denied Defendant's motion without prejudice.  But, as per parties' agreement at the August 26, 2015 hearing, the Government will provide notice to Defendant within 10 days of this memorandum opinion and accompanying order of the Governments intent to introduce any evidence of events occurring after May of 2010.

Federal Rule of Evidence 404(b) governs the use of crimes, wrongs, and other bad acts as evidence at trial. Fed. R. Evid. 404(b). The Rule prohibits the use of a crime, wrong, or other bad act as character evidence—"to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* at 404(b)(1). But, the Rule permits the use of other-bad-acts evidence if admitted for a purpose other than to prove a defendant's character, such as to show intent, motive, or plan. *Id.* at 404(b)(2); *see also United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (calling 404(b) an "inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition"). In a criminal case, the defendant may request "reasonable notice" of the Government's intention to present 404(b) evidence of other bad acts. Fed. R. Evid. 404(b)(2)(A).

This case requires no advance notice, however, because the Government's proffered uses of evidence do not implicate Rule 404(b). Rule 404(b) "applies only to evidence of other acts that are 'extrinsic to the one charged.'" *United States v. Basham*, 51 F.3d 302, 326 (4th Cir. 2009) (quoting *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996)). In other words, when the evidence of other acts "is relevant to establishing an

4

element of the offense, Rule 404(b) is not even implicated." *United States v. Grimmond*, 137 F.3d 823, 832 (4th Cir. 1998).

The Government disclosed an intention to introduce evidence of Defendant's actions regarding "business entities that preceded the fraud alleged, but laid the groundwork for the scheme." (Gov't's Resp. at 10.) As the Fourth Circuit recently concluded in a case of health care fraud, evidence of conduct not charged in the "specific execution" of a fraudulent scheme charged may still be relevant to the "nature and scope of the scheme charged." *United States v. Bajoghli*, 785 F.3d 957, 964 (4th Cir. 2015). This conclusion acknowledges that a "scheme" may extend beyond the specific count raised in an indictment and the Government may offer evidence to prove the extent of that scheme. In the present case, evidence of Defendant's prior acts that "laid the groundwork for the scheme" would be relevant to the "nature and scope" of the scheme, an element intrinsic to wire fraud under 18 U.S.C. § 1343. *See* 18 U.S.C. § 1343 (prohibiting the use of wire, radio, or telephone communications in interstate commerce to execute a scheme or artifice to defraud). Thus, this use of prior acts not alleged in the indictment would not implicate Rule 404(b) when used as the Government has proffered.

Under this same logic, the Government's attempt to cross examine defense witnesses about Defendant's

5

representations to them during the time alleged in the indictment would also relate to an intrinsic element of the crime charged. These statements would relate to the nature and scope of the scheme by disclosing the complexity and breadth of Defendant's allegedly fraudulent ventures. Thus, these representations would not implicate 404(b).

Lastly, the Government's intention to present evidence of facts or circumstances occurring after the time period alleged in the complaint does not currently implicate Rule 404(b). This finding also flows from the Fourth Circuit's conclusions in *Bajoghli*. There, the Fourth Circuit stated that evidence post-dating a fraudulent scheme may be relevant to a defendant's fraudulent intent. *See Bajoghli*, 785 F.3d at 965. To prove wire fraud under § 1343, the Government must prove Defendant's specific intent to defraud. *See United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012) (discussing intent element of § 1343). The Government may present evidence post-dating the facts alleged in the indictment without implicating Rule 404(b), provided that evidence is similarly relevant to Defendant's intent or another element intrinsic to § 1343. The Government has disclaimed any intent to present evidence of after-occurring acts that does not satisfy this standard. Furthermore, at the August 26, 2015 hearing, the Government agreed to provide notice of any evidence post-dating May 2010

6

that it intends to present at trial. If new uses of evidence arise that could implicate Rule 404(b), the parties may raise the appropriate objection at that time. Therefore, Defendant's Motion for Notice of 404(b) Evidence is denied without prejudice.

### B. Motion to Strike Surplusage

Next, Defendant asks the Court to strike all references to the alleged victim R.F. from the indictment as surplusage, and to preclude the Government from introducing any evidence related to R.F. at trial. (Def.'s Surplusage Mot. [Dkt. 23] at 1.) Defendant argues the Court should strike any references to R.F. from the indictment because the Government makes no connection between R.F. and F.F., and the indictment alleges that F.F.'s investment was related to a different entity and was completely separate from R.F.'s investment. (*Id.* at 3-5.) Moreover, Defendant argues that the indictment does not allege that any wire communications were made in connection with R.F., mainly because none of the allegations regarding R.F. fall within the applicable statute of limitations period. (*Id.*) Applying the following standards, the Court finds the indictment alleges one fraudulent scheme broad enough to include both R.F. and F.F. Therefore, the Court denied Defendant's motion.

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim.

7

P. 7(d). The purpose of this rule is to protect a defendant against prejudicial allegations that have no bearing on the case at bar. *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (citing *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979)). Thus, "a motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *Id.* at 733. In determining whether the information is relevant, the question is not whether the allegations are legally relevant, *i.e.*, would be admissible at trial. *United States v. Presgraves*, 658 F. Supp. 2d 770, 783 (W.D. Va. 2009). "Rather, as described by the Fourth Circuit . . . the question is whether that material is 'unnecessary in making out a *prima facie* pleading of the violation.'" *United States v. Cooper*, 384 F. Supp. 2d 958, 960 (W.D. Va. 2005). However, to strike information in an indictment as surplusage, it must be irrelevant, inflammatory, *and* prejudicial. *See Williams*, 445 F.3d at 733-34 (citing *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006) ("[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.")); *Cooper*, 384 F. Supp. 2d at 960 ("This Court agrees with the Government that a

8

defendant seeking to strike surplusage must satisfy a conjunctive test, satisfying each of these three elements [irrelevant, inflammatory, and prejudicial].").

The information Defendant seeks to strike relates to the indictment's charge of a single scheme to defraud two individuals. Even though the indictment alleges separate investments to separate entities, when considering the totality of the circumstances, the indictment still alleges that the Defendant engaged in a single, overreaching scheme to defraud. *See United States v. Foggo*, No. 1:08CR79 (JCC), 2008 WL 2777009, at *6 (E.D. Va. July 14, 2008) (stating that to determine whether the indictment alleges a single unified scheme, the Court must consider "the nature of the scheme; the identity of the participants; the quality, frequency, and duration of each conspirator's transactions; and the commonality of the time and goals") (citations omitted). Specifically, both R.F. and F.F. were targeted during the same time period with the same goal. The nature of the Defendant's alleged scheme involved various shell corporations or entities that were really under the umbrella of one single entity. (Gov't's Opp'n [Dkt. 27] at 2.) The Defendant even touted the success of F.F.'s investment in New Century Investment to R.F. (*Id.*) Accordingly, even though the indictment alleges two separate victims, the Defendant's alleged actions fall into one unitary scheme to defraud.

9

"[W]hen the government charges a defendant . . . with a scheme to defraud and elects to charge only some of the executions of that scheme, its election does not limit its proof to only the charged executions. It may introduce other evidence of uncharged executions to prove the scheme." *United States v. Bajoghli*, 785 F.3d 957, 963 (4th Cir. 2015). Because there is one scheme to defraud, the Government is not limited to introducing evidence in support of only the charged allegations. Instead, it is entirely proper to introduce additional, uncharged allegations and evidence, including those allegations regarding R.F., to prove the overarching scheme to defraud. Therefore, the Court denied the Defendant's motion.

### C. Rule 17(c) Subpoenas

Defendant next asks the Court to issue subpoenas pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for the pre-trial production of the tax returns of R.F. and F.F. for the tax years of 2008 through 2010. (Def.'s Rule 17(c) Mot. [Dkt. 22] at 1.) Defendant argues that the tax returns are relevant to determine whether the two individuals actually characterized these monetary payments to Defendant as investments on their tax returns. (Def.'s Mem. in Supp. of Rule 17(c) [Dkt. 22-1] at 3.) Defendant also argues that he has no other mechanism available to procure the tax returns, and that

the information sought in the tax returns "will be critical for use during cross-examination." (*Id.* at 4.)

The Government opposed the motion, arguing that the tax returns are not relevant to an issue in this case, mainly because the state of mind of R.F. and F.F. is not at issue. (Gov't's Opp'n [Dkt. 24] at 2.) Instead, the Government contends the relevant issue is whether Defendant made fraudulent representations to R.F. and F.F. when he sought out these payments. The Court agrees that the tax returns are not relevant, and therefore, the Court denied the motion.

District courts have discretion to issue a subpoena under Rule 17(c) for delivery before trial if the requesting party is able to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 638, 700 (1974); *see also United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997). As mentioned above, the primary issue in this motion is the relevance of the tax returns. Assuming the sought after tax returns will show that R.F. and F.F. accounted for payments made to Defendant as "investments," then Defendant will truly discover nothing more than what is already alleged in the indictment. Stated differently, how R.F. and F.F. characterized these payments on their tax returns will do little to make it any more probable or less probable that Defendant solicited these payments from R.F.

11

and F.F. in a fraudulent manner. Fed. R. Evid. 401. Instead, as Defendant candidly concedes, the tax returns of R.F. and F.F. could "contain information that will be critical for use during cross-examination." (Def.'s Rule 17(c) Mot. at 4.) In other words, Defendant hopes to find favorable evidence in the tax returns. This is not a proper basis for the Court to issue subpoenas pursuant to Rule 17. *See United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) (holding it was not an abuse of discretion for the district court to deny the defendant's motion for Rule 17(c) subpoenas when it found that "a Rule 17 subpoena *duces tecum* cannot substitute for the limited discovery otherwise permitted in criminal cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena"); *see also United States v. MacDonald*, No. 1:10CR29 (JCC), 2010 WL 1734773, at *4 (E.D. Va. Apr. 26, 2010) ("The Court notes that Rule 17(c) pre-trial subpoenas are not the proper means to obtain *Giglio* or Jencks Act impeachment materials and that it is mindful of its 'responsibility to prevent Rule 17(c) from being improperly used as a discovery alternative to Rule 16.'") (quoting *Beckford*, 964 F. Supp. at 1022). Accordingly, the Court denied the motion.

### D. Bill of Particulars

Lastly, Defendant asks for a bill of particulars from the Government relating to Paragraphs 4 and 5 of the Indictment.

(Def.'s Mem. in Supp. of Bill of Particulars [Dkt. 21-1] at 1-2.) In its response, the Government partially disclosed additional information in accordance with Defendant's request, and otherwise argued the remainder of the requested particulars was repetitive of discovery disclosures, or irrelevant. (Gov't's Resp. to Bill of Particulars [Dkt. 25] at 2.) At the August 26, 2015 hearing, Defendants withdrew this motion after being satisfied with the Government's Response. Therefore, the court denied the Motion for Bill of Particulars as moot.

### III. Conclusion

For the foregoing reasons, the Court denied the Defendant's Motion for Notice of 404(b) Evidence, Motion to Strike Surplusage and Preclude Introduction of Evidence at Trial, Motion for Rule 17(c) Subpoena, and Motion for Bill of Particulars.

An appropriate order shall issue.

|  | /S/ |
|---|---|
| August 26, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |